UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

   BRENDA L. EDWARDS,

      Debtor.

_____/

BRENDA L. EDWARDS,

     Appellant / Cross-Appellee,

v.

     Case No. 13-cv-11146

WEXFORD PARKHOMES
CONDOMINIUM ASSOCIATION,

     HONORABLE STEPHEN J. MURPHY, III

     Appellee / Cross-Appellant.

_____/

## OPINION AFFIRMING THE DECISION OF THE BANKRUPTCY COURT

Appellant Brenda L. Edwards filed a bankruptcy case, no. 12-42779, *In re: Brenda Edwards*. The bankruptcy court dismissed her petition and barred her from filing another bankruptcy case for 150 days. Edwards appealed the decision under Bankruptcy Rule 8001; she has since declined to pursue the appeal. Appellee Wexford Parkhomes Condominium Association brought a cross-appeal, arguing the filing bar should be for two years instead of 150 days. The only issue before the Court is whether the bankruptcy court abused its discretion in imposing a 150 day — as opposed to a two year — bar to refiling. For the following reasons, the Court will affirm the order of the bankruptcy court.

### STANDARD OF REVIEW

The district courts have appellate jurisdiction over final judgments, orders, and decrees of the bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1). When a bankruptcy court's decision is appealed to the district court, the bankruptcy court's findings of fact are

reviewed under a clearly erroneous standard, while the bankruptcy court's legal conclusions are reviewed de novo. *Investors Credit Corp. v. Howard P. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993); Fed. R. Bankr. P. 8013.

A bankruptcy court's decision to impose a bar to new filings is reviewed for an abuse of discretion. *In re Cusano*, 431 B.R. 726, 730 (B.A.P. 6th Cir. 2010) (citing *In re Marshall*, 407 B.R. 359, 362 (B.A.P. 8th Cir. 2009)). An abuse of discretion review only examines whether the underlying "decision and decision-making process [was] . . . reasonable." *Id.* (quoting *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 800 (B.A.P. 6th Cir. 2008)). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Id.* (quoting *Volvo Commercial Fin. LLC the Americas v. Gasel Transp. Lines, Inc. (In re Gasel Transp. Lines, Inc.)*, 326 B.R. 683, 685 (6th Cir. BAP 2005)).

## BACKGROUND

Edwards is a college graduate and taught in the Detroit Public Schools for many years. She first filed for Chapter 7 bankruptcy in 2010, in case number 10-65835 ("2010 Bankruptcy"). Wexford is one of Edwards' creditors. The bankruptcy court permitted Edwards to convert the Chapter 7 bankruptcy to a Chapter 13 bankruptcy. Edwards, however, did not participate in the Chapter 13 proceeding. The bankruptcy court dismissed the case after she failed to respond to several court orders.

Edwards then filed the underlying case. Wexford filed a motion to dismiss. The bankruptcy court granted the motion, concluding that Edwards demonstrated "a clear pattern of delay, recalcitrance, failure to comply with Court orders, and uncooperativeness." Op. Granting Mot. to Dismiss 3, ECF No. 48 (E.D. Mich. Bankr. No. 12-42779). It imposed

a 150 day bar to Edwards refiling any bankruptcy case, and the order became final on January 25, 2013.

Edwards initially appealed the decision to this Court, but then advised that she would not be pursuing the appeal. Wexford cross-appealed, arguing that the bar to refiling should be for two years. The Court entered an order setting a briefing schedule and ordering Edwards to file a response. Edwards failed to do so.

## DISCUSSION

The only issue is whether the bankruptcy court should have barred Edwards from refiling a bankruptcy case for two years, not 150 days. In its motion, Wexford identifies Edwards' record or abuse and delay during the two bankruptcy proceedings. She has repeatedly misstated her address, living situation, household size, and various assets and liabilities. She has repeatedly failed to prosecute her cases, and ignored court orders (including orders of this court). Unlike most pro se litigants, she is college educated, was a teacher, and should know how to follow court rules and state her assets. As both Wexford and the bankruptcy court have concluded, Edwards's conduct was made in bad faith and constituted an abuse of the bankruptcy process.

Notwithstanding Edwards' bad conduct, the bankruptcy court did not abuse its discretion by imposing a 150 day bar to refiling. As stated above, a bankruptcy court only abuses its discretion when its factual findings are clearly erroneous or when it improperly applies the law or uses an erroneous legal standard.

Here, the bankruptcy court's findings of fact largely mirrored those facts put forth by Wexford. The bankruptcy court noted that the 2010 bankruptcy was dismissed after Edwards "failure to file a plan and otherwise properly pursue the case." Op. Granting Mot.

to Dismiss at 1. It stated that Edwards failed to comply with court orders to "suppl[y] and file[] what she was required to file." *Id.* at 2. It concluded that Edwards had shown "a clear pattern of delay, recalcitrance, failure to comply with court orders, and uncooperativeness." *Id.* at 3. That pattern prejudiced her creditors and amounted to abuse. *Id.* These factual determinations are supported by the record and not challenged by Wexford.

And the bankruptcy court did not misapply any points of law in its decision to impose a 150 day, as opposed to a two year, bar to refile. Wexford argues that the bankruptcy court had the discretion to impose a longer bar: Most of its argument is directed towards demonstrating that the bankruptcy court would have been justified in imposing a two year prohibition on refiling.[1] That the law permits a bankruptcy court to impose lengthy bars does not mean that a judge is required to do so. That truism stands even when a creditor establishes that the debtor has acted in bad faith and abused the bankruptcy process. Wexford has not pointed to any statute or caselaw compelling the bankruptcy court to impose a specific time bar. Unlike federal sentencing laws, there is no guideline system for bankruptcy time bars that suggests a certain length or requires the bankruptcy judge to justify a "downward departure." In short, the bankruptcy court was intimately familiar with the proceeding, had the opportunity to view Edwards' behavior, and was in the best position

---

[1] Wexford cites many cases for the proposition that a bankruptcy court has the authority to impose a bar to refiling that is longer than 180 days. Wexford cites only one case, however, holding that the bankruptcy court abused its discretion. In that case, the district court held that the bankruptcy court abused its discretion because it imposed a refiling bar that was too long, not too short. *See Mains v. Foley,* Nos. 1:11—CV—456, 1:11—CV—740, 2012 WL 612006 at *7 (W.D. Mich. Feb. 24, 2012) ("[T]he court believes the three year bar on refiling the Bankruptcy Court imposed on Debtors reflects an abuse of discretion on this record.").

4

to determine the appropriate length of a bar to refiling. Absent a clearly erroneous finding of fact or a misstatement of law — neither of which occurred here — the Court will not second-guess the judgment of the bankruptcy court. Accordingly, the Court will affirm the bankruptcy court's decision.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the decision of the bankruptcy court is **AFFIRMED**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: September 16, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2014, by electronic and/or ordinary mail.

Carol Cohron  
Case Manager
